## HATT, ESTATE OF IN RE:

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20425 and No. 20551. Decided February 17, 1947.

Robert Merkle, Cleveland, for Plaintiff-Appellant Executrix.

J. R. Kistner, Cleveland, for Defendant-Appellee.

## OPINION

By MORGAN, J.:

Anna Hatt died in Detroit, Wayne County, Michigan, in February, 1946, where she was living with her niece, Anna Latham. On April 22, 1946, her will, dated October 31, 1942, was admitted to probate by the Probate Court of Cuyahoga County and Margaret Weisenbach was appointed Executrix. The will gave one-half of decedent's property to Mrs. Weisenbach and one-half to Mrs. Latham. Decedent's property of the approximate value of $40,000.00 was substantially all located in Cuyahoga County, Ohio.

On April 25, 1946, John R. Kistner filed a motion to vacate the entry of April 22, 1946, admitting the above will to probate. This motion came on to be heard on May 2, 1946 and the court found that Anna Hatt had died testate in Detroit, Michigan, in February, 1946, and that on April 8, 1946, the Probate Court of Wayne County, Michigan, appointed Anna Latham as executrix of the will of Anna Hatt, dated January 27, 1945, and that the motion to vacate the previous entry of April 22, 1946, admitting the first will to probate should be granted.

From the judgment vacating said entry of April 22, 1946 Margaret Weisenbach appealed, in case No. 20425, to this court.

On April 25, 1946, an exemplified copy of the last will and testament of Anna Hatt, dated January 27, 1945, and the proceedings in Wayne County, Michigan, were presented to the Probate Court of Cuyahoga County and were admitted to record. By this will the decedent, Anna Hatt, gave all her

property to her niece, Anna Latham. John R. Kistner was appointed ancillary administrator with the will annexed of the estate of Anna Hatt, in the State of Ohio, upon giving bond in the sum of $40,000.00.

April 26, 1946, a motion was filed by Margaret Weisenbach to vacate the said entry of April 25th and on May 2, 1946 the Probate Court, after a hearing, granted the motion. Later John R. Kistner filed again his motion to admit to record in Cuyahoga County the will of Anna Hatt and the proceedings in Wayne County, Michigan. This motion came on for hearing and was granted. From this judgment, Margaret Weisenbach "individually and as the duly appointed, acting and qualified executrix of the will of Anna Hatt" appealed to this Court in Case No. 20551. The two appeals, No. 20425 and No. 20551, came on for hearing at the same time.

In its opinion in Case No. 20551, the Probate Court stated:

"The question before this court is whether under the full faith and credit clause of the Federal Constitution it is·mandatory that this Court respect the judgment of the Wayne County, Michigan Probate Court in admitting this will to record."

The above statement would seem to indicate that the Court considered itself bound by the finding of the Probate Court of Wayne County, Michigan, on the question of domicile. Later·in the opinion the Probate Court said:

"If she was a resident of this county but was competent she could change her domicile and having died in Wayne County, this court would have no jurisdiction without a positive showing that Anna Hatt was domiciled in Cuyahoga County at the time of her death."

This statement indicated that if a "positive showing" were made that Anna Hatt was domiciled in Cuyahoga County at the time of her death, the Probate Court of this county would entertain the Probate of her will.

If Anna Hatt were domiciled in Cuyahoga County at the time of her death it is our opinion that the Probate Court of this county would have the sole jurisdiction to entertain the probate of her will. The question of domicile was therefore properly before the court in these cases:

Manuel v Manuel, 13 Oh St 458.

Symons v Eichelberger, 110 Oh St 234.

At the hearing of the case to admit to record the exemplified copy of the will admitted to probate in Wayne County,

Michigan, the exemplified copy of the will and proof of publication were offered in evidence and the proponent rested.

The Probate Court of Wayne County, Michigan, in admitting the second will to probate made the following finding with reference to Mrs. Hatt:

"* * * that she died on the 26th day of February, A. D. 1946, and at the time of her decease she was an inhabitant of the County of Wayne and that said instrument is duly proved and ought to be allowed as the last will and testament of said decedent."

The principal evidence bearing on domicile offered by Margaret Weisenbach as executrix under the first will of Anna Hatt, was the Bill of Exceptions of the hearing on January 30, 1945, in the Probate Court of Cuyahoga County on the application for Letters of Guardianship for Anna Hatt. At this hearing the applicant offered the evidence of a psychiatrist who had examined Anna Hatt on Jan. 19, 1945, and who testified to facts tending to show that at that time Anna Hatt was an incompetent person. It was the position of the applicant for guardianship that Anna Hatt was then incompetent and was domiciled in Cuyahoga County. It is the objector's position now that as an incompetent person it was impossible for her to later change her domicile to Wayne County, Michigan. This evidence was based on an examination made more than one year before Anna Hatt died. From the time of the examination until her death she was a resident of Wayne County, Michigan living with her niece, Anna Latham. Whether or not Mrs. Hatt's mental condition improved or deteriorated during this period the record is silent.

The Probate Court in its opinion in this case stated:

"Therefore, there being a total lack of evidence that the Probate Court of Wayne County was without jurisdiction to probate the will of Anna Hatt, deceased, the exemplified copy of said will must be admitted to record in this court."

The Probate Court may not have been justified in saying that there was a "total lack of evidence" that Anna Hatt was domiciled in Cuyahoga County, when she died. However, when it is considered that practically all of the evidence offered by the objector related to a period more than a year before the death of Anna Hatt, clearly the finding of the Pro-

bate Court in this case cannot be said to be against the manifest weight of the evidence.

The objector to this proceeding for ancillary administration of Mrs. Hatt's estate located in Cuyahoga County, further contends that Mr. Kistner did not, by competent evidence, prove that he was an "interested person" as required by §10511-4 GC and §10511-8 GC.

Sec. 10511-4 GC provides:

"When a non-resident decedent leaves property in Ohio, ancillary administration proceedings may be had upon the application of any interested person in any county in Ohio in which is located property of the decedent, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate. * * * ."

Sec. 10511-8 GC provides:

"A copy of the will and probate thereof, duly authenticated, must be produced by the executor, or by a person interested therein, to the probate judge of the county in which there is any estate upon which the will may operate. * * *."

It is not denied in this case that Mr. Kistner had the right to represent Anna Latham who had been appointed by the Probate Judge of Wayne County, Michigan, as Executrix of the will of Anna Hatt, deceased. Even if he had not established himself as a creditor of the estate of Anna Hatt, the will was "produced by the Executor" in the person of Anna Latham through her agent and representative, Mr. Kistner. This objection is quite technical and in our opinion is without merit.

For the reasons stated the judgment in Cases Nos. 20425 and 20551 are affirmed.

HURD, PJ, and SKEEL, J, concur.